Kane v. Moore, 2019 NCBC 32.

STATE OF NORTH CAROLINA

WAKE COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
17-CVS-13761

MICHAEL PATRICK O'DONNELL,
derivatively on behalf of LOOKOUT
CAPITAL, LLC,

               Plaintiff,

     v.

WILLIAM M. MOORE,
W. MERRETTE MOORE, and
TIDEWATER EQUITY PARTNERS,
LLC,

               Defendants,

   and

LOOKOUT CAPITAL, LLC,

               Nominal
               Defendant.

**ORDER ON JOINT MOTION FOR
PRELIMINARY APPROVAL OF
PROPOSED SETTLEMENT**

THIS MATTER comes before the Court on the Parties'[1] Joint Motion for Preliminary Approval of Proposed Settlement. ("Joint Motion for Approval", ECF No. 78.) The Parties move pursuant to N.C. Gen. Stat. § 57D-8-04(a) (hereinafter, reference to the General Statutes shall be "G.S") for preliminary approval of a settlement reached by the parties in this derivative proceeding. The Parties also filed a Brief in Support of Joint Motion, (ECF No. 80), a Settlement Agreement and Mutual Release, ("Proposed Settlement Agreement", ECF No. 78.1), and a proposed Notice of Preliminary Approval of Proposed Settlement ("Proposed Notice") (ECF No. 78.2). On May 29, 2019, the Court held a telephone conference with counsel for the Parties,

---

[1] For purposes of this Order, "Parties" means the Plaintiff and Defendants currently remaining in the lawsuit.

John McCormick Kane ("Kane"), and Skelton & Associates, LP ("Skelton & Associates") regarding the Court's proposed amendments to the Proposed Settlement Agreement and Proposed Notice, and Parties, Kane, and Skelton & Associates consented to the proposed amendments.

THE COURT, having considered the Joint Motion for Approval, the supporting brief ("Brief in Support of Joint Motion", ECF No. 80), the Proposed Settlement Agreement and Proposed Notice, the consent of the Parties, Kane, and Skelton & Associates to the Court's proposed amendments, and other appropriate matters of record, concludes that the Motion should be GRANTED for the reasons and on the terms set forth below.

1. The Court has set out the factual allegations and the procedural background of this lawsuit it its Order and Opinion on Defendants' Motion to Dismiss Pursuant to Rule 12(b)(1), (ECF No. 71), and its Order and Opinion on Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6), (ECF No. 72), and will not repeat them here.

2. On March 7, 2018, Plaintiffs Michael Patrick O'Donnell ("O'Donnell"), Kane, and Skelton & Associates filed a verified amended derivative complaint ("Amended Complaint") on behalf of Lookout Capital, LLC ("Lookout"), a Delaware limited liability company, and eight other North Carolina limited liability companies: Beta Investment, LLC ("Beta"), LC Gamma, LLC ("Gamma"), LC Delta Investment, LLC ("Delta"), LC Epsilon Investment, LLC ("Epsilon"), LC Eta Investment, I, LLC ("Eta I"), LC Theta Investment, LLC ("Theta"), LC Theta Investment II, LLC ("Theta II"), and LC Capitola Investment, LLC ("Capitola") (collectively the "Investment

Entities"). (Am. Compl, ECF No. 36.) Plaintiffs alleged derivative claims on behalf of Lookout and the Investment Entities against Defendants William M. Moore ("Bill Moore") and W. Merrette Moore ("Merrette Moore") (collectively, Bill Moore and Merrette Moore are referred to as "the Moores"), and Defendant Tidewater Equity Partners, LLC ("Tidewater"), for (1) breach of fiduciary duty against the Moores; (2) breach of Lookout's Operating Agreement against the Moores; (3) breach of the implied covenant of good faith and fair dealing against the Moores; (4) aiding and abetting breach of fiduciary duty against Tidewater; (5) waste of corporate assets against the Moores; (6) tortious interference with contract against Tidewater; (7) tortious interference with prospective economic advantage against Tidewater; (8) unfair or deceptive trade practices against all Defendants; and (9) unjust enrichment against all Defendants.

3.      Defendants subsequently moved to dismiss, and on December 14, 2018, the Court issued orders granting in part and denying in part the motions to dismiss. (the "Orders", ECF Nos. 71, 72.) In the Orders, the Court dismissed the derivative claims brought on behalf of the Investment Entities; dismissed the derivative claims brought on behalf of Lookout by Kane and Skelton & Associates, and concluded that only O'Donnell had standing to pursue the derivative claims on behalf of Lookout; dismissed the unfair or deceptive trade practices claims against the Moores and Tidewater; and dismissed the aiding and abetting breach of fiduciary duty claim against Tidewater.

4.      On March 25, 2019, the Parties, along with Kane, Skelton & Associates, and Skelton & Associates' principal, Thomas Allen Skelton (hereinafter Skelton &

Associates and Thomas Allen Skelton are collectively referred to as "Skelton & Associates") reached a settlement on all claims following a second mediated settlement conference and, on or about May 8, 2019, agreed to the terms of the Proposed Settlement Agreement.

5. On May 8, 2019, the Parties filed the Joint Motion for Approval, Brief in Support of Joint Motion, Proposed Settlement Agreement, and Proposed Notice.

6. In the Brief in Support of Joint Motion, the Parties represent that during this litigation they engaged in extensive written discovery and took numerous depositions. While the Parties dispute the merits of the remaining claims, "the Parties all recognize the uncertainty of litigation and the risk and expenses associated with proceeding with this case through summary judgment and trial." (ECF No. 80, at p. 7.) Plaintiff represents that the terms of the Proposed Settlement Agreement, which includes, *inter alia*, removal of the Moores from the management of Lookout and the Investment Entities and a substantial monetary payment to Lookout by the Moores, "[are] in Lookout's best interests." (*Id*.) Finally, the Parties have agreed upon a method of providing notice to the members of Lookout regarding the terms of the settlement and an opportunity for members to make objections before final approval of the Proposed Settlement Agreement. (*Id.* at pp. 10–11; ECF No. 78.2.)

A. *Preliminary Approval of Settlement and Notice, and Setting of Final Approval Hearing*

7. G.S. § 57D-8-04(a) provides, in relevant part, that "[a] derivative proceeding may not be discontinued or settled without the court's approval. If the court determines that a proposed discontinuance or settlement will substantially

affect the interests of the LLC's members, the court shall direct that notice be given to the members who would be affected."[2] "The court shall determine the manner and form of the notice and the manner in which costs of the notice will be borne." G.S. § 57D-8-04(b).

8. In determining whether to approve the settlement of a derivative action, "the court is to balance (1) any legitimate corporate claims as brought forward in the derivative shareholder suit against (2) the corporation's best interests[.]" *Alford v. Shaw*, 327 N.C. 526, 540, 398 S.E.2d 445, 453 (1990). The factors generally considered in balancing these interests include costs to the corporate entity of litigating the claim, the benefits to the corporate entity in continuing the suit, and any "ethical, commercial, promotional, public relations, and fiscal factors" that may be involved. *Id.* This Court has applied the *Shaw* factors in deciding whether to approve a settlement of derivative claims brought on behalf of a limited liability company. *White v. Hyde*, 2017 NCBC LEXIS 202, at *2 (N.C. Super. Ct. May 23, 2017)

9. After review of the Joint Motion for Approval, the Brief in Support of Joint Motion, the Proposed Settlement Agreement, and other matters of record, the Court finds that the Settlement Agreement was entered into after extensive litigation and arm's length negotiation by experienced counsel for the parties, assisted by a neutral mediator, and that the Parties, Kane, and Skelton & Associates consent to the preliminary approval of the Proposed Settlement Agreement. The Court also

---

[2] Although Lookout is a foreign LLC, section 57D-8-04 of the North Carolina General Statutes applies to this motion for approval. *See* G.S. § 57D-8-06 ("In any derivative proceeding in the right of a foreign LLC, the matters covered by this Article will be governed by the law of the jurisdiction of the foreign LLC's organization except for the matters governed by G.S. 57D-8-02, 57D-8-04, and 57D-8-05.").

finds that the Parties have not raised any concerns regarding the ethical, commercial, promotional, or public relations impact of the Proposed Settlement Agreement, and the Court identifies none. *Shaw*, 327 N.C. at 540, 398 S.E.2d at 453.

10. With regard to attorneys' fees and costs, section IX of the Proposed Settlement Agreement provides as follows:

> Each of the Parties, Kane, and Skelton shall be separately responsible for their own attorneys' fees and costs incurred during the Lawsuit, including the negotiation of this Agreement and any disputes that may arise from this Agreement. Nothing in this Agreement shall prevent Plaintiff from seeking Court approval to redistribute the Settlement Payment, in part, as an award for his attorneys' fees.

11. The Court has requested, and the Parties, Kane, and Skelton & Associates have consented to, amend the language of Section IX of the Proposed Settlement Agreement, prior to executing the Agreement, to replace the second sentence of section IX with the following sentence: "Nothing in this Agreement shall prevent Plaintiff from seeking an Order from the Court that Lookout pay Plaintiff's expenses, including attorneys' fees, incurred in this lawsuit pursuant to N.C. Gen. Stat. § 57D-8-05(1)."

12. The Court concludes that, with the agreed-upon amendment to section IX, the Proposed Settlement Agreement should be preliminarily approved.

13. The Court also finds that Lookout's members will be substantially affected by the settlement of this matter and should, as requested by Plaintiff, be provided with notice prior to a final approval of the settlement. The Parties intend to provide notice to Lookout's members by sending the Proposed Notice and a copy of the Proposed Settlement Agreement to each member via electronic mail. The

Proposed Notice provides a thirty (30) day period for members to provide any objections to the terms of the Settlement Agreement by electronic mail. The Parties represent that electronic mail has been an effective means of communicating with the members during this litigation. Plaintiff will bear responsibility for, and any associated costs of, sending the Proposed Notice, discussed below, and fielding any objections from Lookout's members.

14. With regard to the Proposed Notice, the Court has requested, and the Parties, Kane, and Skelton & Associates have consented to, amend the language of Proposed Notice, prior to sending the Proposed Notice to Lookout's members, to include the following language between the first and second sentences of the third paragraph of the Proposed Notice:

> Please note that, pursuant to Section IX of the Settlement Agreement, Michael O'Donnell has reserved the right to seek an Order from the Court that Lookout pay the expenses he and other members incurred, including attorneys' fees, in bringing this lawsuit. Any payment of those expenses would be paid by Lookout from its general assets following receipt of the Settlement Payment amount defined in Section II of the Settlement Agreement.

15. The Court concludes that, with the agreed upon amendment to the third paragraph of the Proposed Notice, the manner and form of the Proposed Notice are approved.

16. If the Parties receive any objections from members, they shall notify the Court of such objections and provide copies of the objections to the Court by no later than ten (10) calendar days following the deadline for members to provide objections. Once any objections have been considered, the Court will determine whether it is

necessary to hold a hearing on final approval of the settlement and will notify the parties of the date and time for such hearing.

17. Therefore, the Joint Motion for Approval is GRANTED on the terms provided herein.

SO ORDERED, this the 29th day of May, 2019.


        /s/ Gregory P. McGuire
       Gregory P. McGuire
       Special Superior Court Judge
        for Complex Business Cases